IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**TOMMY TUCKER MAYLE,**

      **Plaintiff,**

v.                                                         **Civil Action No. 1:19-CV-113**
                                                                   **(JUDGE KEELEY)**

**CLARKSBURG POLICE**
**DEPARTMENT;**
**SERGEANT JUSTIN MOORE,**

      **Defendants.**

**REPORT AND RECOMMENDATION RECOMMENDING THAT PLAINTIFF'S
COMPLAINT BE DISMISSED WITHOUT PREJUDICE**

This matter came before the undersigned pursuant to a Referral Order signed by Senior District Judge Irene M. Keeley on May 23, 2019. ECF No. 4. This matter is now ripe for a report and recommendation to the Honorable Irene M. Keeley. Accordingly, for the reasons contained herein, the undersigned **RECOMMENDS** the complaint be **DISMISSED WITHOUT PREJUDICE.**

           **I.**       **BACKGROUND**

Plaintiff filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 and alleged that the Clarksburg Police Department and Sergeant Justin Moore (hereinafter "Sgt. Moore") violated his civil rights for failure to follow West Virginia State Law when investigating a traffic accident. ECF No. 1. The Complaint alleged that on September 18, 2018, Plaintiff was involved in an automobile accident when Plaintiff's vehicle was struck on the rear passenger side by another vehicle and Sgt. Moore responded to the scene of the accident. Sgt. Moore assessed the situation but did not complete an accident report. Plaintiff asserted that Sgt. Moore told Plaintiff and the

other driver that since both drivers were insured by Erie Insurance, that Erie Insurance would settle the matter between the drivers. Sgt. Moore completed an exchange form, in which Sgt. Moore wrote that Plaintiff was a fault, despite Plaintiff's statements to Sgt. Moore that Plaintiff was not at fault. On October 11, 2019, the undersigned entered a Notice of Intent to Recommend Dismissal (ECF No. 16) requesting that Defendant clarify the pleadings and notified him of the undersigned's intent to recommend dismissal as the pleadings stand. Plaintiff has not responded to this Notice of Intent to Recommend Dismissal.

## II.   LEGAL STANDARD

Title 28, United States Code Section 1915 states:

(a)(1) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [movant] possesses that the person is unable to pay such fees or give security thereof. Such affidavit shall state the nature of the action, defense or appeal and affiant's and affiant's belief that the person is entitled to redress

Title 28, United States Code Section 1915 further states:

(e)(2) The court shall dismiss the case <u>at any time</u> if the court determines that

    (A)  The allegation of poverty is untrue; or
*(B)  The action or appeal*
        (i)  Is frivolous or malicious
        (ii)  *Fails to state a claim on which relief may be granted;* or
        (iii)  *Seeks monetary relief against a defendant who is immune from such relief.*

28 U.S.C. § 1915(e) (emphasis added).

## III.   ANALYSIS

   **a.  Plaintiff failed to state a claim upon which relief and Defendant Clarksburg Police Department cannot be held liable.**

Municipalities are not automatically responsible under the respondeat superior doctrine for all alleged constitutional violations of their employees. <u>Monell v. Dep't of Soc. Servs. Of City of</u>

N.Y., 436 U.S. 658 (1978). A municipality may be held liable under claims arising out of 42 U.S.C. §1983 when the constitutional deprivation arises from an official policy or custom promulgated by the municipality. Monell, 436 U.S. at 691. A policy in this context is "'a course of action consciously chosen from among various alternatives' respecting basic governmental functions, as opposed to episodic exercises of discretion in the operational details of government." Spell v. McDaniel, 824 F.2d 1380 (4th Cir. 1987). A custom is a "'persistent and widespread . . . practice[]' by municipal agents and employees, [which] may be attributed to a municipality when the duration and frequency of the practices warrants a finding of either actual or constructive knowledge by the municipal governing body that the practices have because customary among its employees." McDaniel, 824 F.2d at 1387.

The Clarksburg Police Department is a department of the municipality. The municipality may be liable for the constitutional violations of a plaintiff, however, is merely "the vehicle through which the [municipality] government fulfills its policing functions." Robinette v. Judy, 2015 WL 7272378 (N.D.W. Va. April 28, 2015). Plaintiff named the Clarksburg Police Department as a party in this matter. The Clarksburg Police Department is not liable under respondeat superior for any alleged violations of their officers. Furthermore, Plaintiff has not named any municipality, nor has he named the alleged custom or policy which was adhered to by the officers. In the absence of an official policy or custom by the municipality and joining the appropriate party, Plaintiff's claim failed to state a claim upon which relief can be granted. Accordingly, the undersigned **RECOMMENDS** that the Complaint be dismissed as to this party.

    **b. Defendant Sgt. Moore has qualified immunity in his individual capacity because Sgt. Moore did not violate a clearly established federal statutory or constitutional right.**

Qualified immunity allows for the protection of government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or

3

constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

> In Saucier v. Katz, 533 U.S. 194, 121 S. Ct. 2151, this Court mandated a two-step sequence for resolving government officials' qualified immunity claims. First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. 533 U.S., at 201, 121 S. Ct. 2151. Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. *Ibid*. Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right. Anderson v. Ceighton, 483 U.S. 635, 640, 107 S.Ct. 3034.

Pearson v. Callahan, 555 U.S. 223, 232 (2009) (internal citations omitted).

Qualified immunity is not available if the official "violated a federal statutory or constitutional right, and . . . the unlawfulness of their conduct was clearly established at the time." District of Columbia v. Wesby, --- U.S. ----, 138 S.Ct. 577, 589 (2018) (internal citations omitted). "Clearly established" refers to "a legal principle [which has] a sufficiently clear foundation in then-existing precedent." Id.

Plaintiff does not allege a violation of a federal statutory or constitutional right on the part of Defendants. Plaintiff alleged that Sgt. Moore violated his Fifth Amendment Rights of due process for failure to complete a police report and writing "at fault" on Plaintiff's "exchange". This right has not been "clearly established." Accordingly, the undersigned **FINDS** that Defendant Sgt. Moore is entitled to qualified immunity and **RECOMMENDS** that the Complaint should be dismissed as to this party.

### I. RECOMMENDATION

For the above state reasons, the undersigned **RECOMMENDS** that the case be dismissed in its entirety without prejudice.

Any party shall have fourteen days from the receipt this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a Copy of this Report and Recommendation of counsel of record and by Certified Mail to all *pro se* parties, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Date: November 4, 2019

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE